# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

UNITED STATES OF AMERICA      )
                                 )      No. 1:21-cr-00083-001-CLC-CHS
v.                                  )      No. 1:17-cr-00140-009-CLC-CHS
                                   )
AMANDA ELIZABETH HAMPTON     )

## <u>MEMORANDUM AND ORDER</u>

AMANDA ELIZABETH HAMPTON ("Defendant") came before the Court for an initial appearance on January 29, 2026, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Amended Petition for Warrant for Offender Under Supervision [Doc. 58][1] and the Petition for Action on Conditions of Release [Doc. 57] (the "Petitions").

After being sworn in due form of law, Defendant was informed of her privilege against self-incrimination under the 5th Amendment and her right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wished to be represented by an attorney and that she qualified for the appointment of an attorney to represent her at government expense. Consequently, the Court **APPOINTED** attorney Everett Hoagland to represent Defendant with respect to the Petitions.

Defendant was furnished with a copy of the Petitions, and had an opportunity to review those documents with her attorney. The Court determined that Defendant is able to read and understand the Petitions with the assistance of her counsel. In addition, AUSA Russ Swafford explained to Defendant the specific charges contained in the Petitions. Defendant acknowledged she understood the charges in the Petitions.

The Government moved Defendant be detained pending disposition of the Petitions or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. Defendant conferred with her counsel and waived the preliminary hearing and the detention hearing.

The Court finds that probable cause exists to demonstrate that Defendant has committed violations of her conditions of supervised release as well as conditions of the Order Setting Conditions of Release [Doc. 55] and that Defendant has not carried the burden of establishing by clear and convincing evidence that she will not flee or pose a danger to any other person or to the community. Consequently, this Court hereby revokes the Order Setting Conditions of Release

---

[1] All references to document numbers (i.e, "[Doc. ___]") refer to Case No. 1:21-cr-00083-001. There are corresponding but different document numbers in Case No. 1:17-cr-00140-009.

[Doc. 55]. Further, the Court **GRANTED** the Government's oral motion to detain Defendant pending disposition of the Amended Petition for Warrant for Offender Under Supervision [Doc. 58] or further Order of this Court.

It is, therefore, **ORDERED** that:

1. Petition for Action on Conditions of Release [Doc. 57] is **GRANTED**. The Order Setting Conditions of Release [Doc. 55] is **REVOKED**.

2. The Government's motion that Defendant be **DETAINED WITHOUT BAIL** pending the revocation hearing is **GRANTED**.

3. Unless revised by further order of the Court, the United States Marshals Service shall transport Defendant to the revocation hearing before the Honorable United States District Judge Curtis L. Collier on **March 11, 2026, at 2:00 p.m.**

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE